# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Marshall Eugene Harrison, ) | |
| ) | Civil Action No.: 6:19-cv-01614-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew M. Saul, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on July 30, 2020. (ECF No. 17.) The Report addresses Plaintiff Marshall Eugene Harrison's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 12.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-3.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (ECF No. 6-2 at 26.) Although the ALJ found Plaintiff had severe impairments that included degenerative disc disease, history of non-obstructive coronary artery disease, and asthma (*Id.* at 17), the ALJ nonetheless concluded Plaintiff had the residual

1

functional capacity ("RFC") "to perform less than the full range of light work" with several additional restrictions (*Id.* at 19-20).

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on June 3, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded because the ALJ failed to properly weigh medical source opinions by Thomas R. Bolt, M.D. (ECF No. 17 at 4, 11-12.) Specifically, the Magistrate Judge explained, "apart from a conclusory reference to there being a lack of objective medical evidence to support Dr. Bolt's opinion, a review of the ALJ's decision includes no indication that the factors set forth in the regulations for evaluating medical source statements were considered in affording Dr. Bolt little weight." (*Id.* at 7.) Moreover, the Magistrate Judge observed that the ALJ's "passing reference to Dr. Bolt's medical records" was inadequate to show alleged inconsistencies with treatment notes. (*Id.* at 8.) The Magistrate Judge further asserted the Commissioner's *post hac* argument that Dr. Bolt's opinions were inconsistent with the record did "not appear in the ALJ's decision" and thus "cannot be considered in undertaking substantial evidence review." (*Id.* at 9.) Regardless, the Magistrate Judge then noted the record was in fact "consistent with Dr. Bold's opinion regarding [Plaintiff's] physical limitations." (*Id.*) Lastly, the Magistrate Judge did not address Plaintiff's

remaining allegations of error, but instead observed such claims would be reconsidered and reevaluated by the ALJ in light of remand. (*Id.* at 12.)

On July 30, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 13.) On August 11, 2020, the Commissioner informed the court he would not offer objections. (ECF No. 18.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 17 at 4-12.) The Commissioner notified the court he will not file objections (ECF No. 18) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 24, 2020
Columbia, South Carolina